No. 01-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 5

RUSSELL OFFERDAHL,

Plaintiff and Appellant

v.

STATE OF MONTANA, DEPARTMENT OF

NATURAL RESOURCES AND CONSERVATION,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tony P. Lucas; Seidlitz Law Office, Great Falls, Montana

For Respondents:

Katherine J. Orr, Agency Legal Services Bureau, Helena,

Montana

Submitted on Briefs: September 20, 2001
Decided: January 15, 2002

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Russell Offerdahl appeals from the granting of summary judgment by the First Judicial District Court, Lewis and Clark County, to the State of Montana Department of Natural Resources and Conservation (Department) in this wrongful discharge action. Summary judgment was based on the court's determination that Offerdahl had failed to exhaust his administrative remedies before he filed his complaint. We affirm.

¶2 Offerdahl sets forth two issues on appeal:

¶3 1. Whether the District Court erred in granting the Department's motion for summary judgment based on Offerdahl's failure to exhaust administrative remedies.

¶4 2. Whether the District Court erred in denying Offerdahl's motion for summary judgment, which was based on the Department's failure to follow its personnel policy.

BACKGROUND

¶5 Offerdahl was employed as a management program specialist in the Department's office in Conrad, Montana. On September 12, 1997, Offerdahl's supervisor informed him that, based on complaints that he had behaved inappropriately toward a subordinate employee and the Department's investigation of those complaints, the Department intended to terminate his employment. The supervisor directed Offerdahl to attend a pre-termination meeting in Helena, Montana, on the following Monday, September 15, 1997.

¶6 The September 15 pre-termination meeting was held as scheduled, but Offerdahl did not attend. During the meeting, a person identifying himself as Offerdahl's physician left a telephone message that he had advised Offerdahl against attending the meeting. The Department terminated Offerdahl's employment and sent him a letter advising him of the grounds for its decision in a letter dated September 15, 1997. The letter further advised

Offerdahl of his right to respond to the letter or to pursue a grievance in accordance with the state's grievance policy, a copy of which was attached. Rule 2.21.8017(2)(a), ARM, of the grievance policy requires that a formal grievance be filed in writing within 15 working days after the grievable event.

¶7 On September 18, 1997, a Department administrator advised Offerdahl by certified letter that his failure to appear at the September 15 hearing constituted insubordination and "is further cause for your termination." The letter stated that, on receipt of a certified statement from Offerdahl's doctor as to the medical condition which prevented him from attending the hearing, insubordination would be removed as a cause of his termination. Offerdahl was invited to respond to the statements in the original termination letter at a meeting on September 26, 1997, or, alternatively, to submit a written response postmarked or filed before 5:00 p.m. on September 26.

¶8 On September 23, 1997, the Department received a letter from Offerdahl dated September 19, 1997, which advised that he would not attend the September 26 meeting. Offerdahl also stated in the letter, "I intend to follow the grievance procedure as directed by the Department in their discharge letter of September 15, 1997."

¶9 The September 26 meeting was not held because Offerdahl indicated he would not attend. Nor did Offerdahl submit a written response. On October 7, 1997, he sent a written grievance to the Department by certified mail, and the grievance was filed with the Department on October 8, 1997. On October 15, 1997, the Department advised Offerdahl that his grievance was denied because it was filed beyond the 15-working-day deadline established in the grievance policy.

¶10 Offerdahl filed this action in the District Court alleging wrongful discharge under the Wrongful Discharge from Employment Act. Offerdahl and the Department moved for summary judgment on different grounds. The District Court denied Offerdahl's motion in January of 2001. It granted the Department's motion for summary judgment and dismissed Offerdahl's case in February of 2001. Offerdahl appeals.

## DISCUSSION

¶11 Did the District Court err in granting the Department's motion for summary judgment based on Offerdahl's failure to exhaust administrative remedies?

¶12 Our *de novo* standard of review of a summary judgment is the same standard used by a district court in considering a motion for summary judgment pursuant to Rule 56(c), M.R.Civ.P. That is, we consider whether there are any genuine issues of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. *Sherrard v. Prewett*, 2001 MT 228, ¶ 7, 306 Mont. 511, ¶ 7, 36 P.3d 378, ¶ 7.

¶13 In granting summary judgment to the Department, the District Court concluded that Offerdahl's written grievance mailed October 7, 1997, was not timely filed within the 15 working days required by the grievance policy. As a result, it concluded Offerdahl had not exhausted his administrative remedies. On appeal, Offerdahl advances alternative theories regarding the timeliness of his grievance.

¶14 Offerdahl first states he told a Department employee during a telephone conversation the day after he received the letter informing him of his termination that he intended to grieve the termination. He contends this constituted the filing of a formal grievance.

¶15 Rule 2.21.8017(2), ARM, provides:

> (a) A formal grievance shall be filed in writing within 15 working days from the occurrence of the grievable event. . . .

> (b) A formal grievance shall state specifically the law, written rule, policy, and/or procedure violated; when the action occurred, and the remedy desired by the grievant. It shall be signed and dated by the grievant.

Offerdahl's oral statement of intent to file a grievance meets none of the requirements of Rule 2.21.8017(2), ARM. It was not "filed" or in writing as required by subsection (a). Nor did it state the law, rule, policy, or procedure violated, when the violation occurred or the remedy sought. Finally, the oral statement clearly was not signed or dated by Offerdahl. We conclude Offerdahl's oral statement of intent to file a grievance does not constitute the filing of a formal grievance.

¶16 Offerdahl next contends his September 19 letter stating his intent "to follow the grievance procedure as directed by the Department in their discharge letter of September 15, 1997" constituted a formal grievance filing. He is incorrect. Although Rule 2.21.8017 (2), ARM, does not require that a formal grievance be filed on a specific form, it does require the inclusion of the elements discussed immediately above. The September 19

letter does not meet the requirements of Rule 2.21.8017(2)(b), ARM, that a formal grievance specify the violation and the remedy sought. As a result, Offerdahl's September 19 letter does not constitute a formal grievance.

¶17 In this regard, Offerdahl also asserts the Department effectively acknowledged he had filed a grievance, contending there is no explanation for the offered September 26 "hearing" other than to proceed with the portions of the grievance process which occur after a formal grievance is filed. Indeed, Offerdahl affirmatively asserts that the September 26 meeting was scheduled as "a grievance hearing," citing to the affidavit of the Department's overseer of the Conrad office. The affidavit does not support Offerdahl's assertion, however. It mirrors the contents of the Department's September 18, 1997 letter with regard to a "meeting" for Offerdahl's convenience to allow him to respond in person. Offerdahl's contention that the September 26 meeting was to be a grievance hearing is unsupported by anything of record. In any event, the issue before us is not why the Department offered the September 26 meeting after Offerdahl failed to attend the September 15 pre-termination hearing. The issue is whether Offerdahl timely filed a formal grievance. The burden of timely initiating the grievance process falls on the individual, and, as we concluded above, neither the telephone call in which Offerdahl stated his intent to grieve the termination nor his September 19 letter met the requirements for initiating a formal grievance.

¶18 Finally, Offerdahl points out that he did not receive written notice of the reasons for his termination until September 17, 1997. On that basis, he contends no grievable event occurred until his receipt of that notice and argues he mailed his formal grievance form within the 15-working-day time limit of receiving it. If receipt of written notice were the grievable event, Offerdahl would be correct. However, the receipt of notice is not the objectionable action of the Department which Offerdahl attempted to grieve. Rather, the objectionable action is his termination on September 15, 1997, and, indeed, Offerdahl's written grievance mailed October 7, 1997, provided September 15, 1997, as the "date of the grievable event."

¶19 Pursuant to the applicable grievance policy, the date on which Offerdahl's written grievance was required to be filed--that is, the fifteenth working day after the grievable event--was October 6, 1997. He mailed the grievance on October 7 and it was filed on October 8, 1997. We conclude Offerdahl failed to timely pursue his administrative remedy for the Department's termination of his employment.

¶20 Failure to exhaust administrative procedures is a complete bar to pursuing a claim under the Wrongful Discharge from Employment Act. Section 39-2-911(2), MCA. Consequently, we hold the District Court did not err in granting the Department's motion for summary judgment based on Offerdahl's failure to exhaust administrative remedies.

¶21 2. Did the District Court err in denying Offerdahl's motion for summary judgment, which was based on the Department's failure to follow its personnel policy?

¶22 Offerdahl contends the District Court erred in denying his motion for summary judgment, and the Department responds with a number of arguments regarding why this issue is not properly before us. One of those arguments is dispositive.

¶23 Rule 4, M.R.App.P., sets forth the requirements for taking an appeal. Specifically, Rule 4(c) mandates that the notice of appeal designate, among other things, "the judgment, order or part thereof appealed from." In the present case, Offerdahl's notice of appeal designates "the Decision and Order granting summary judgment to Defendant dated February 14, 2001." The notice of appeal does not state that the appeal is taken from the District Court's January 10, 2001 order denying Offerdahl's motion for summary judgment. As a result, this issue is not properly before us and we decline to address it further.

¶24 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JIM RICE